UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| SODERHOLM SALES AND LEASING, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BYD MOTORS INC., JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE ENTITIES 1-10, <br><br> Defendants. | CIV. NO. 19-00160 LEK-KJM |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COUNT V OF THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Before the Court is Defendant BYD Motors Inc.'s ("BYD") Motion to Dismiss Count V of the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion"), filed on June 21, 2019.[1]  [Dkt. no. 22.]  Plaintiff Soderholm Sales and Leasing, Inc. ("Soderholm") filed its memorandum in opposition on July 12, 2019, and BYD filed its reply on July 19, 2019.  [Dkt. nos. 24, 26.]  This matter came on for hearing on August 2, 2019.  On August 30, 2019, an entering order was issued informing the parties of the Court's rulings on the

---

[1] BYD Motors Inc. is now known as BYD Motors LLC.  [Mem. in Supp. of Motion at 2.]

Motion. [Dkt. no. 30.] The instant Order supersedes that entering order. For the reasons set forth below, the Motion is hereby granted, insofar as Count V is dismissed, and the Motion is hereby denied, insofar as the dismissal is without prejudice.

**BACKGROUND**

Soderholm filed its original Complaint in state court on February 28, 2019, and, on March 29, 2019, BYD removed the action based on diversity jurisdiction. [Notice of Removal (dkt. no. 1) at ¶ 5; id., Exh. 1 at 2-16 (Complaint).]

Pursuant to the parties' stipulation, approved by the Court on June 5, 2019, Soderholm filed its First Amended Complaint on June 7, 2016. [Dkt. nos. 19, 20.] According to the First Amended Complaint, BYD manufactures buses and is a licensed manufacturer under Hawaii's Motor Vehicle Industry Licensing Act ("MVILA"), Haw. Rev. Stat. Chapter 437. [Id. at ¶ 7.] However, Soderholm alleges BYD is not licensed under the MVILA to conduct sales in Hawai`i. See, e.g., id. at ¶ 35. Under the Sales and Service Agreement, effective January 1, 2016, between Soderholm and BYD ("Agreement"), Soderholm was BYD's authorized Sales and Service Organization for the State of Hawai`i and other Pacific Islands. [Id. at ¶ 8.]

Soderholm alleges it has: undertaken significant marketing and sales efforts on BYD's behalf; and spent substantial amounts of time doing pick up, drop off, and repairs

of BYD buses, as well as training, when BYD was unable to do so. [Id. at ¶¶ 9-13.] Soderholm alleges BYD has not provided it with adequate sales and service support, and this has caused Soderholm's established customers to purchase similar buses from BYD's competitors. [Id. at ¶ 14.] In addition, Soderholm spent substantial amounts of time preparing a bid proposal for BYD tram/trailers to be sold for use at the Honolulu International Airport ("Airport Project"), but BYD later decided not to submit a bid through Soderholm. [Id. at ¶¶ 15-16.] According to Soderholm, BYD has competed against it by: submitting its own bid for the Airport Project; [id. at ¶ 47;] and dealing directly with customers to whom Soderholm had been trying sell BYD's buses, [id. at ¶¶ 31-33]. Soderholm alleges these actions violated the licensing provision of the Agreement and the MVILA. [Id. at ¶ 34.] Soderholm also alleges BYD has attempted to terminate the Agreement, in violation of the termination provisions of the Agreement and in violation of the relevant provisions of the MVILA. [Id. at ¶¶ 17-22, 38-41.]

The First Amended Complaint alleges the following claims: 1) the cancellation of the Agreement violated the MVILA ("Count I"); 2) BYD's conduct related to its attempt to terminate the Agreement constitutes bad faith, in violation of Haw. Rev. Stat. § 437-28(a)(21)(C) and § 437-58(g) ("Count II"); 3) BYD's sales efforts that violate the licensing provision of

3

the Agreement also violate the MVILA ("Count III"); 4) a misrepresentation claim based upon BYD's representation to industry members that BYD has terminated the Agreement ("Count IV"); 5) constructive fraud ("Count V"); 6) a claim for injunctive relief, pursuant to Haw. Rev. Stat. § 437-36 ("Count VI"); and 7) a claim seeking the imposition of a constructive trust ("Count VII").

Only Count V is at issue in the instant Motion. BYD argues Count V fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

**DISCUSSION**

At the outset, it is noted that the Fed. R. Civ. P. 9(b) heightened pleading standard applies to constructive fraud claims. Depot, Inc. v. Caring for Montanans, Inc., 915 F.3d 643, 668 (9th Cir. 2019), *cert. petition filed* (U.S. July 15, 2019). Thus, in order to survive a motion to dismiss, Count V must satisfy the Rule 9(b) standard. See generally id. at 668 & n.17 (discussing the Rule 9(b) pleading requirements).

**I.    Whether Count V Should Be Dismissed**

This district court has stated:

> Constructive fraud arises from a breach of duty by one in a confidential or fiduciary relationship. Scholes v. Kawaguchi, -- P.3d --, ---, 2017 WL 4251611, *6 (Haw. App. Sept. 26, 2017).
>
> . . . .

4

>	Constructive fraud has been defined by the Hawaii Intermediate Court of Appeals as an act done or omitted which is construed as a fraud because of its detrimental effect upon public interests and public or private confidence, even though the act is not done or omitted with an actual design to perpetrate actual fraud or injury. Yoneji v. Yoneji, 354 P.3d 1160, 1167-68 (Haw. App. 2015) (see Wolfer v. Mut. Life Ins. Co. of New York, 3 Haw. App. 65, 641 P.2d 1349, 1357 (Haw. App. 1982) (J. Kanbara, dissenting)).
>
>	Constructive fraud requires a breach of a fiduciary or confidential relationship. Honolulu Fed. Sav. And Loan Ass'n v. Murphy, 7 Haw. App. 196, 753 P.2d 807, 811 n.6 (Haw. App. 1988) (citing Silva v. Bisbee, 2 Haw. App. 188, 628 P.2d 214, 216 (Haw. App. 1981)).

Tilley v. Bank of New York Mellon, Civil No. 17-00524 HG-RLP, 2018 WL 1415171, at *8 (D. Hawai`i Mar. 21, 2018), *appeal dismissed,* No. 18-15733, 2018 WL 5269236 (9th Cir. July 30, 2018).

>	Article IX, § A of the parties' Agreement states:
>
>	This Agreement does not make either party the agent or legal representative of the other for any purpose whatsoever, nor does it grant either party any authority to assume or to create any obligation on behalf of or in the name of the other. **Neither party owes the other any fiduciary obligation.**

[Motion, Exh. A (Agreement) at 14 (emphasis added).[2]] Thus, to the extent that Count V is based upon an alleged fiduciary

---

[2] The Agreement can be considered, even though it was not attached to the First Amended Complaint, because: the First Amended Complaint refers extensively to the Agreement; the

(. . . continued)

5

relationship, it fails to state a plausible constructive fraud claim. See Scholes v. Kawaguchi, 142 Hawai`i 360, 366, 419 P.3d 1029, 1035 (Ct. App. 2017) (quoting Aames Funding Corp. v. Mores, 107 Hawai`i 95, 104, 110 P.3d 1042, 1051 (2005)); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))).

Soderholm argues Count V pleads a plausible constructive fraud claim based on the violation of a confidential relationship between Soderholm and BYD. See First Amended Complaint at ¶ 44. However,:

> Hawaii courts have limited "confidential relationships" to relationships between family members or close personal friends. Scholes, 2017 WL 4251611, *6-*8 (Haw. App. Sept. 26, 2017); Small v. Badenhop, 67 Haw. 626, 701 P.2d 647, 653-54 (Haw. 1985); Lee v. Wong, 57 Haw. 137, 552 P.2d 635, 638-39 (Haw. 1976) (explaining a confidential relationship exists because of a family relationship); Keanu v. Kamanoulu, 20 Haw. 96, 99-100 (Haw. Terr. 1910) (finding fraud in a

---

Agreement forms the basis of many of Soderholm's claims; and Soderholm has not contested the authenticity of the version of the Agreement attached to the Motion. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998, 1002 (9th Cir. 2018) (discussing when documents are incorporated by reference into the complaint and can therefore be considered without converting a motion to dismiss into a motion for summary judgment); First Amended Complaint at ¶¶ 8, 17-18, 21-22, 26-27, 32, 38-39, 41, 44, 48-49, 53-54, 56 (referring to the Agreement).

6

> land transaction involving a confidential relationship between a daughter and her parents).
>
> A mortgagor and a mortgagee are not in a relationship akin to an attorney-client or a broker-client relationship. Nor do they have a confidential relationship. Rather, a mortgagor and mortgagee are in a contractual relationship that is not fiduciary in nature. See Ramos v. Chase Home Finance, 810 F. Supp. 2d 1125, 1140 (D. Haw. 2011).

Tilley, 2018 WL 1415171, at *9. Soderholm and BYD are neither family members nor close friends. See Scholes, 142 Hawai`i at 366-67, 419 P.3d at 1035-36. Further, the First Amended Complaint does not contain sufficient factual allegations to support a reasonable inference that Soderholm and BYD have a type of confidential relationship, other than family or close friends. See Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing Twombly, 550 U.S. at 556)). The First Amended Complaint merely indicates that Soderholm and BYD have "a contractual relationship that is not fiduciary in nature." See Tilley, 2018 WL 1415171, at *9.

The factual allegations supporting Soderholm's position that it has a confidential relationship with BYD are insufficient to meet the Twombly/Iqbal pleading standard, and

therefore they also fail to meet the Rule 9(b) heightened pleading standard. Count V must be dismissed.

## II. Whether the Dismissal Should Be with Prejudice

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) (citation and quotation marks omitted). To the extent that Soderholm's constructive fraud claim is based upon an alleged fiduciary relationship, the claim cannot be saved by amendment, in light of the express language of the Agreement. However, it is arguably possible for Soderholm to plead additional factual allegations to support its position that there is a confidential relationship. The dismissal of Count V must therefore be without prejudice.

## CONCLUSION

On the basis of the foregoing, BYD's Motion to Dismiss Count V of the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), filed June 21, 2019, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as Count V is DISMISSED. The Motion is DENIED insofar as the dismissal is WITHOUT PREJUDICE.

If Soderholm wishes to amend Count V, Soderholm is ORDERED to file a second amended complaint by **October 21, 2019**. If Soderholm files a second amended complaint, BYD's answer, or

other response, will be due in the normal course.  Soderholm is CAUTIONED that, if it does not file a second amended complaint by **October 21, 2019**, Count V will be dismissed with prejudice.  If Soderholm does not file a second amended complaint by **October 21, 2019**, BYD's answer to the remaining counts in the First Amended Complaint must be filed by **November 12, 2019.**

        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAI`I, September 30, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**SODERHOLM SALES AND LEASING, INC. VS. BYD MOTORS INC.; CV 19-00160 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS COUNT V OF THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**