IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SODERHOLM SALES AND LEASING, INC., | ) ) ) | Civil No. 19-00160 LEK-KJM |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART |
| vs. | ) ) | PLAINTIFF SODERHOLM SALES AND LEASING, INC.'S MOTION |
| BYD MOTORS INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; and DOE ENTITIES 1-10, | ) ) ) ) | FOR AN AWARD OF ATTORNEYS' FEES |
| Defendants. | ) ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFF SODERHOLM SALES AND
LEASING, INC.'S MOTION FOR AN AWARD OF ATTORNEYS' FEES

On November 9, 2021, Plaintiff Soderholm Sales and Leasing, Inc.

("Soderholm") filed a Motion for an Award of Attorneys' Fees ("Motion").  ECF

No. 69.  Soderholm attached to the Motion the parties' Joint Statement Regarding

Attorneys' Fees Award, pursuant to Rule 54.2(e) of the Local Rules of Practice for

the United States District Court for the District of Hawaii ("Local Rules").  ECF

No. 169-3.  On November 16, 2021, Defendant BYD Motors Inc. ("BYD") filed a

Memorandum in Opposition to the Motion ("Opposition").  ECF No. 171.  On

November 22, 2021, Soderholm filed a Reply.  ECF No. 172.

The Court elects to decide this matter without a hearing pursuant to Local Rule 54.2(g). After carefully considering the Motion, supporting memorandum, applicable law, and the record in this case, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART the Motion for the reasons set forth below.

BACKGROUND

The Court and the parties are familiar with the facts and legal issues in this case, which the district court set forth in detail in its September 22, 2021 Findings of Fact and Conclusions of Law and Order ("FOFCOL and Order"). ECF No. 157. The Court thus discusses the pertinent background facts as set forth in the FOFCOL and Order and provides additional relevant details as necessary to decide the Motion.

This action concerns the parties' dispute regarding their prior motor vehicle licensing and distributorship agreement. ECF No. 157 at 3. Soderholm sells and leases various types of motor vehicles in the State of Hawaii and in the Pacific Islands. *Id.* Soderholm purchases these vehicles from the manufacturers it represents. *Id.* Soderholm is a licensed motor vehicle dealer, under Hawaii's Motor Vehicle Industry Licensing Act ("MVILA"), Hawaii Revised Statutes ("HRS") chapter 437, in most Hawaii counties. *Id.* at 3–4.

BYD manufactures rechargeable electric batteries and electric vehicles. *Id.* at 4. BYD obtained a Hawaii motor vehicle manufacturer license in 2017 and a Hawaii motor vehicle dealer license in 2020. *Id.* at 4–5.

The parties entered into a Sales and Service Agreement ("Agreement"), effective December 1, 2016, which provided that Soderholm would, among other things, serve as a licensed dealer for BYD's vehicles in Hawaii and the Pacific Islands. *See* ECF No. 157 at 5; ECF No. 169 at 6. The Agreement also granted Soderholm the right to sell BYD's vehicles. *See* ECF No. 169 at 6. Both parties' claims in this case were based on the other parties' alleged misconduct in relation to performance—or lack thereof—under the Agreement.

The following claims in Soderholm's First Amended Complaint remained at the time of trial: (1) violation of MVILA, based on BYD's attempt to cancel the Agreement; (2) BYD's conduct related to its attempt to terminate the Agreement constituted bad faith, in violation of HRS § 437-28(a)(21)(C) and § 437-58(g) ("Count II"); (2) BYD's sales efforts that violated the licensing provision of the Agreement also constituted violations of the MVILA; (4) a misrepresentation claim based upon BYD's representation to industry members that BYD has terminated the Agreement ("Count IV"); and (5) a claim for injunctive relief, pursuant to HRS § 437-36. ECF No. 157 at 33–34. BYD's Counterclaim asserted the following claims: (1) breach of contract ("Counterclaim Count I"); interference with

3

prospective contracts ("Counterclaim Count II"); and a claim seeking punitive

damages ("Counterclaim Count III"). *Id.* at 34.

The district court conducted a bench trial on January 19, 2021 and issued the

FOFCOL and Order on September 22, 2021. Pursuant to the FOFCOL and Order,

the district court concluded that Soderholm prevailed on Count II of the First

Amended Complaint and entered judgment in Soderholm's favor as to this claim. *Id.*

at 57. The district court entered judgment in favor of BYD as to all of the other

remaining claims in the First Amended Complaint, except Count IV. *Id.* In addition,

the district court found that Soderholm prevailed as to Counterclaim Counts I and II

and entered judgment in favor of Soderholm as to these claims. *Id.* at 56. Because

Soderholm's Count IV and BYD's Counterclaim Count III addressed remedies, the

district court did not discuss those counts and substantive claims.

The district court also concluded that Soderholm is the prevailing party and is

entitled to an award of reasonable attorneys' fees and costs pursuant to HRS § 437-

28.5(c). *Id.* at 56. The district court ordered Soderholm to "attempt to identify the

fees and costs attributable to Count II" in filing a motion for attorneys' fees. *Id.* at

57. The district court did not make any findings or conclusions as to the issue of

whether Soderholm is entitled to an award of attorneys' fees incurred in connection

with its defense against the Counterclaim. *Id.* at 57. Soderholm timely filed the

Motion on November 9, 2021.

4

DISCUSSION

Soderholm requests an award of $122,459.25 in attorneys' fees. ECF No. 169 at 9. BYD argues that the Court should reduce this amount as excessive and award Soderholm no more than $80,327.00. ECF No. 171 at 6. In other words, the parties do not dispute that Soderholm is entitled to an award of $80,327.00 of its total request. What the parties dispute, and what the Court focuses on in making its findings and recommendation, is whether Soderholm is entitled to the difference, *i.e.*, $42,132.25.

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Under the lodestar method, the district court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations and internal quotation marks omitted).

I.    Reasonable Hourly Rate

When determining a reasonable hourly rate, the Court considers the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019) (citing *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016)); *Webb v. Ada County*, 285 F.3d 829, 840 (9th Cir. 2002) (citing *Chalmers v.*

*City of L.A.*, 796 F.2d 1205, 1210–11 (9th Cir. 1986)).  The relevant community is the forum in which the district court sits.  *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

"It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate."  *Roberts*, 938 F.3d at 1024 (citing *Hensley*, 461 U.S. at 433) (citation omitted).  "The burden is on the fee applicant 'to produce satisfactory evidence' of the prevailing market rates."  *Sam K. ex rel. Diane C. v. Haw. Dep't of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (citation omitted).  In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987); *see also Camacho*, 523 F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence - - in addition to the attorney's own affidavits - - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation").

"However, declarations filed by the fee applicant do not conclusively establish the prevailing market rate."  *Camacho*, 523 F.3d at 980.  "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy of the submitted affidavits."  *Roberts*, 938 F.3d at 1023 (internal quotations omitted) (citing *Camacho*, 523 F.3d at 980).  In addition,

6

when determining the reasonable hourly rate, "[d]istrict courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'" *Sam K. ex rel. Diane C.*, 788 F.3d at 1041 (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

Jeffrey P. Miller, Esq., is Soderholm's only counsel of record for this case. Soderholm requests an hourly rate of $275.00 for work Mr. Miller performed in 2018 and 2019 and $300.00 for work Mr. Miller performed in 2020 and 2021. ECF No. 169 at 10. Mr. Miller's declaration in support of the Motion indicates that he has been practicing law since 1988. ECF No. 169-1 at ¶ 3. Mr. Miller's current practice focuses on commercial litigation, among other things. *Id.* Other than Mr. Miller's declaration, Soderholm did not submit evidence establishing the reasonableness of the requested hourly rate.

Notwithstanding that Soderholm only submitted statements from Mr. Miller, based on Mr. Miller's experience, BYD's lack of objection, and the Court's knowledge of prevailing rates in the community, the Court finds that the requested hourly rates for Mr. Miller are reasonable. *See, e.g.*, *Ko Olina Intangibles, LLC v. Nimiety Grp. LLC*, CIV. NO. 19-00441 JMS-RT, 2021 WL 3074200, at *5 (D. Haw. June 30, 2021), *adopted in* 2021 WL 3074167 (D. Haw. July 20, 2021) (awarding an attorney with 14 years' experience hourly rates of $270.00, $280.00, and $290.00 for work performed in 2019, 2020, and 2021, respectively); *U.S. v. Haw. Student Suites,*

*Inc.*, CIV. NO. 19-00528 JMS-RT, 2021 WL 3134925 (D. Haw. May 28, 2021),

*adopted in* 2021 WL 3131672 (D. Haw. July 23, 2021) (awarding an attorney with 27

years of experience an hourly rate of $360.00). The Court thus recommends that the

district court award hourly rates of $275.00 for work Mr. Miller performed in 2018

and 2019 and $300.00 for work he performed in 2020 and 2021.

Although Mr. Miller is Soderholm's only counsel of record, Soderholm seeks

fees for 5.04 hours of work performed on this case by Mr. Miller's partner, Patrick K.

Shea, Esq. Soderholm requests an hourly rate of $300.00 for Mr. Shea's work,

though Soderholm did not submit evidence regarding Mr. Shea's legal experience.

BYD does not oppose the requested hourly rate or work performed by Mr. Shea. *See*

ECF No. 171-2 at 28.

Notwithstanding Soderholm's failure to submit evidence to establish

reasonableness, the Court relies on its knowledge of prevailing rates in the

community and Mr. Shea's litigation experience and finds that $300 is a reasonable

hourly rate for Mr. Shea. The Court's finding is also based on Mr. Shea's limited

role in the litigation and BYD's lack of objection to the fees requested for Mr. Shea's

work. Based on the foregoing the Court recommends that the district court award an

hourly rate of $300.00 for work performed by Mr. Shea.

II.    Number of Hours Reasonably Expended

The fee applicant bears the burden of documenting the hours expended and must submit evidence in support of the hours worked. *Hensley*, 461 U.S. at 437; *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). The prevailing party bears the burden of proving that the fees requested are associated with the relief requested and are reasonably necessary to achieve the results obtained. *See Tirona v. State Farm. Mut. Auto. Ins. Co.*, 821 F. Supp. 693, 636 (D. Haw. 1993) (citations omitted). The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Gates*, 987 F.2d at 1397-98.

The Court, however, has its own "independent duty to review the submitted itemized log of hours to determine the reasonableness of the hours requested in each case." *Irwin v. Astrue*, No. 3:10-CV-545-HZ, 2012 WL 707090, at *1 (D. Or. Mar. 5, 2012) (citing *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001)). The court must guard against awarding fees and costs which are excessive and must determine which fees were self-imposed and avoidable. *See Tirona*, 821 F. Supp. at 637 (citation omitted). To this end, courts are empowered to use their discretion to "'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Soler v. G & U, Inc.*, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation

omitted). Accordingly, courts must deny compensation for time expended on work deemed excessive, redundant, or otherwise unnecessary. *See Gates*, 987 F.2d at 1933 (citing *Hensley*, 461 U.S. at 433–34).

A.    Whether and to What Extent Soderholm Is Entitled to an Award for Fees Incurred in Connection with BYD's Counterclaim

Soderholm asserts that it is entitled to an award of fees incurred in connection with BYD's Counterclaim, pursuant to HRS § 607-14.

1.    HRS § 607-14

HRS § 607-14 requires a court to award attorneys' fees to the prevailing party in certain contract actions:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; . . . provided that this amount shall not exceed twenty-five per cent of the judgment.

The Hawaii Supreme Court has interpreted HRS § 607-14 as providing for an attorneys' fees award in three types of cases: "(1) all actions in the nature of assumpsit; (2) all actions on a promissory note; and (3) contracts in writing that provides for an attorney's fee." *Eastman v. McGowan*, 86 Haw. 21, 31, 946 P.2d 1317, 1327 (1997). A court awarding attorneys' fees pursuant to HRS § 607-14 must apportion the fees claimed between assumpsit and non-assumpsit claims, if practicable. *See Blair v. Ing*, 96 Haw. 327, 332, 31 P.3d 184, 189 (2001).

"Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." *808 Dev., LLC v. Murakami*, 111 Haw. 349, 366, 141 P.3d 996, 1013 (2006) (citation, emphasis, and internal quotations marks omitted); *see also Helfand v. Gerson*, 105 F.3d 530, 537 (9th Cir. 1997) ("Under Hawaii case law, an action in the nature of assumpsit includes all possible contract claims." (citation and internal quotation marks omitted)). "Whether 'assumpsit' exists so as to trigger HRS § 607-14 depends upon the 'essential character of the underlying action in the trial court.'" *Kamalu v. Paren, Inc.*, 110 Haw. 269, 275, 132 P.3d 378, 384 (2006) (quoting *Leslie v. Estate of Tavares*, 93 Haw. 1, 5, 994 P.2d 1047, 1051 (2000)). "The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought." *Blair*, 96 Haw. at 332, 31 P.3d at 189 (citations and internal quotations marks omitted).

"'When there is a doubt as to whether the action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit.'" *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (quoting *Leslie*, 93 Haw. at 6, 994 P.2d at 1052). "'Further, a plaintiff's prayer for attorney fees is a significant indication that the action is in assumpsit.'" *Benoist v. U.S. Bank Nat'l Ass'n*, Civil No. 10-00350 JMS-KSC, 2013

WL 704865, at *3 (D. Haw. Jan. 28, 2013) (quoting *Leslie*, 93 Haw. at 6, 994 P.2d at 1052), *adopted in* 2013 WL 705100 (D. Haw. Feb. 25, 2013).

> 2.   Whether the Essential Character of the Counterclaim Is "in the Nature of Assumpsit"

BYD does not dispute that Soderholm is the prevailing party as to the Counterclaim.  The parties do dispute, however, whether Soderholm is entitled to fees incurred for the entire Counterclaim, as opposed to only Counterclaim Count I.

"'In deciding whether to award fees under HRS § 607-14, the court must determine the nature of the lawsuit where both assumpsit and non-assumpsit claims are asserted in an action.'"  *Blair*, 96 Haw. at 332, 31 P.3d at 189 (quoting *TSA Int'l Ltd. v. Shimizu Corp.*, 92 Haw. 243, 264, 990 P.2d 713, 734 (1999)).  "Although the Court looks to the substance of the entire pleading, it must also 'determine whether each individual claim alleged in a complaint sounds in assumpsit or tort.'"  *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, Civil No. 09-00181 LEK-KSC, ECF No. 756 at 13 (filed Dec. 29, 2014) (quoting *Kona Enters. v. Estate of Bernice Pauahi Bishop*, 229 F.3d 877, 885 (9th Cir. 2000)), *adopted in* 2015 WL 881577 (D. Haw. Feb. 27, 2015).[1]  Pursuant to *Blair* and *TSA International Ltd.*, the Court must first determine whether the essential character of the Counterclaim is in the nature of assumpsit by analyzing the substance of BYD's pleading and each individual claim therein.

---

[1]  The magistrate judge's findings and recommendation to grant in part and deny in part the motion for attorneys' fees in *BlueEarth* is also set forth in 2015 WL 881577.

Counterclaim Count I asserted a claim for breach of contract based on Soderholm's alleged breach of the Agreement.  BYD does not dispute that Counterclaim Count I is in the nature of assumpsit and that Soderholm is, thus, entitled to fees incurred in connection with this claim.  The Court finds that Counterclaim Count I is in the nature of assumpsit.  *See Au v. Funding Grp., Inc.*, 933 F. Supp. 2d 1264, 1271 (D. Haw. 2013) (other citation omitted) (citing *Helfand*, 105 F.3d at 537).

Counterclaim Count II asserted a claim for interference with prospective contracts, which the district court construed as a claim for tortious interference with prospective business advantage.  ECF No. 157 at 48 ¶¶ 39–40.  This district court has previously stated that "[c]laims of tortious interference with existing contracts sound in tort, not assumpsit."  *BlueEarth*, 2015 WL 881577, at *9 (citation omitted).  The Court thus finds that Counterclaim Count II is not in the nature of assumpsit.

Counterclaim Count III asserted a claim for punitive damages.  As the district court noted in the FOFCOL and Order, however, Counterclaim Count III addresses remedies.  A claim for punitive damages, though, is not an independent cause of action.  Indeed, "Hawaii district courts applying Hawaii state law have . . . dismissed or granted summary judgment with respect to independent claims of punitive damages, noting that punitive damages are a type of remedy incidental to other causes of action."  *Phila. Indemnity Ins. Co. v. Ohana Control Sys., Inc.*, 289 F. Supp. 3d

1141, 1153 (D. Haw. 2018) (citing *Liberty Mut. Ins. Co. v. Sumo-Nan LLC*, Civil No.
14-00520 DKW-KSC, 2015 WL 2449480, at \*6 (D. Haw. May 20, 2015); *Hale v.
Haw. Publ'ns, Inc.*, 468 F. Supp. 2d 1210, 1233 (D. Haw. 2006)).

Based on the allegations specific to Counterclaim Count III, BYD sought
punitive damages as a remedy incidental to its claim for tortious interference with
prospective business advantage. ECF No. 39-1 at 4 ¶¶ 18–19 ("In interfering with
BYD's potential contracts with customers, . . . Soderholm acted wantonly or
oppressively or with such malice as implies a spirit of mischief or criminal
indifference to civil obligations. BYD is entitled to recover punitive damages from
Soderholm."). Because punitive damages is a remedy, not a cause of action, the
Court makes no finding as to whether Counterclaim Count III is in the nature of
assumpsit.

The Court has carefully reviewed BYD's allegations and finds that the
essential character of the Counterclaim was in the nature of assumpsit. The factual
allegations in the Counterclaim primarily focus on the Agreement. *See* ECF No. 39-1
at 2–3. Counterclaim Count I, which the parties do not dispute is in the nature of
assumpsit, alleges that Soderholm breached the Agreement by, among other things,
"denying BYD's right of sale to public entities, and interfering with BYD's contacts
and potential sales to customers, including public entities." *Id.* at 3 ¶ 13(c).
Counterclaim Count II realleges and incorporates the preceding allegations and adds

14

only the following allegation:  "By interfering with BYD's contacts and potential

sales to customers, including public entities, Soderholm caused damage to BYD . . .

."  *Id.* at 4 ¶ 16.  BYD's own allegations indicate that Counterclaim Count II was

based on the same conduct by Soderholm that formed the basis of Counterclaim

Count I.  In addition, although BYD sought punitive damages, which are more akin to

tort damages, the Court notes that BYD included a prayer for attorneys' fees.  *See*

*Benoist*, 2013 WL 704865, at *3.  Even if there was any doubt remaining as to the

character of the action, "there is a presumption that the suit is in assumpsit."

*Jorgensen*, 320 F.3d at 919.  Based on the foregoing, the Court finds that the essential

character of the Counterclaim is in the nature of assumpsit.

> ### 3.    Whether Apportionment Between Assumpsit and Non-Assumpsit Claims Is Practicable

Given the Court's finding that the essential character of the Counterclaim is in

the nature of assumpsit, the Court must now determine whether it is practicable to

apportion the award of attorneys' fees between Counterclaim Count I, an assumpsit

claim, and Counterclaim Count II, a non-assumpsit claim.  "In some cases it may be

impracticable or impossible to apportion fees."  *BlueEarth*, 2015 WL 881577, at *9

(citing *Blair*, 96 Haw. at 333, 31 P.3d at 190 ("Because the negligence claim in this

case was derived from the alleged implied contract and was inextricably linked to the

implied contract claim by virtue of the malpractice suit, we should hold that it is

impracticable, if not impossible, to apportion the fees between the assumpsit and non-

assumpsit claims.")).  "Thus, under *Blair*, a court may award reasonable attorneys'

fees pursuant to HRS § 607-14 to a party who succeeds on a contract claim that is

'inextricably linked' to a tort claim, and decline to apportion fees."  *Id.* (citing *Blair*,

96 Haw. at 333, 31 P.3d at 190).

After careful review, the Court finds that, under the circumstances, it cannot

practicably apportion fees between Counterclaim Counts I and II because the claims

are inextricably linked.  Counterclaim Count I asserted that Soderholm was liable for

breach of contract for, among other things, "denying BYD's rights of sale to public

entities, and interfering with BYD's contacts and potential sales to customers,

including public entities."  ECF No. 39-1 at 3 ¶ 13(c).  Counterclaim Count II

incorporates by reference all preceding factual and Counterclaim Count I allegations.

*Id.* at 4 ¶ 15.  Counterclaim Count II asserts only a single additional allegation:  "By

interfering with BYD's contacts and potential sales to customers, including public

entities, Soderholm caused damages to BYD in an amount to be proved at trial . . . ."

*Id.* ¶ 15.

The Court also notes that, in the FOFCOL and Order, the district court awarded

judgment in favor of Soderholm as to Counterclaim Counts I and II based on, in part,

similar conclusions.  Specifically, as to Counterclaim Count I and Count II, the

district court concluded that BYD failed to establish that it would have made sales but

for Soderholm's alleged interference with such potential sales.  *See* ECF No. 157 at

47 ¶ 37 ("BYD has not presented any evidence that it would have made sales but for Soderholm's actions."), 50 ¶ 42 ("There is no evidence that BYD would have completed the sales at issue without Soderholm's involvement.").  Based on the foregoing, the Court finds that Counterclaim Count II was derived from and inextricably linked to Counterclaim Count I.  The Court thus recommends that the district court decline to apportion fees Soderholm incurred defending against the Counterclaim.

B.      BYD's Opposition

BYD opposes Soderholm's request for certain fees on the following grounds: (1) inadequate billing descriptions and tasks unrelated to successful claims; (2) time expended on the issue of damages as unnecessary; (3) the deposition of Maki Kuroda related to a non-compensable claim; (4) time for non-compensable clerical tasks; and (5) filings and discovery related to non-compensable claims.  The Court addresses these arguments below.

1.      Inadequate Billing Descriptions and Tasks Unrelated to Successful Claims

BYD argues that the Court should reduce Soderholm's request by 54.86 hours as unreasonable for several reasons.  BYD asserts that the associated 35 entries,[2]

---

[2] BYD's Opposition states that this objection relates to 36 entries.  BYD's list of the disputed entry numbers and its Exhibit B, however, list only 35 entries.  *See* ECF No. 171 at 14–15 & n.1; ECF No. 171-3.

which are set forth in Exhibit B to the Opposition, do not contain descriptions

sufficient "to evaluate the nature of the work, whether the time related to legal work,

or the activities associated with the work."  ECF No. 171 at 15.

Local Rule 54.2 expressly provides, in part:  "The party seeking an award of

fees must describe adequately the services rendered, so that the reasonableness of the

requested fees can be evaluated."  LR54.2(f)(3).  Local Rule 54.2 also gives guidance

as to the level of detail a time entry should contain:

> For example, time entries for telephone conferences must include an
> identification of all participants and the reason for the call; entries for
> legal research must include an identification of the specific issue
> researched and, if possible, should identify the pleading or document for
> which the research was necessary; entries describing the preparation of
> pleadings and other papers must include an identification of the pleading
> or other document prepared and the activities associated with such
> preparation.

*Id.*

"Attorneys are 'not required to record in great detail how each minute of [their]

time was expended.'"  *United Steelworkers of Am. v. Ret. Income Plan for Hourly-*

*Rated Emps. of ASARCO, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008) (quoting *Hensley*,

461 U.S. at 437 n.12).  Nonetheless, as the party seeking attorneys' fees, Soderholm

bears the burden of keeping records in sufficient detail so that "a neutral judge can

make a fair evaluation of the time expended, the nature and need for the service, and

the reasonable fees to be allowed."  *Id.*  Where Soderholm fails to satisfy this burden,

the Court will reduce Soderholm's requested hours accordingly.  *See* LR54.2(f)(3)

18

("If the descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly.").

First, BYD asserts that Mr. Miller's "repeated entries for 'Continued work on Trial Brief,'" are inadequate, and the Court should thus reduce Mr. Miller's hours expended on Soderholm's Trial Brief from 20.7 hours to 8.5 hours.[3]  The Court agrees that the reasonableness of the time Mr. Miller expended on the Trial Brief would have been more readily apparent had he provided more detail of the specific tasks he performed.  Nevertheless, the Court finds that the time entries, as drafted, do not prevent the Court from evaluating reasonableness.  The Court finds that 20.7 hours is a reasonable amount of time for Mr. Miller to have expended on the Trial Brief.  Given that Soderholm is only entitled to fees as to Count II and the Counterclaim, however, the Court finds that a 10% reduction is appropriate to account for time expended on claims on which Soderholm did not prevail.  The Court thus recommends that the district court reduce Soderholm's request by 2.07 hours.

---

[3]  The 20.7 requested hours are based on the hours listed in the "Pltf's Reply Hours" column for the following entry numbers (and hours):  432 (1.4), 436 (1.8), 440 (4.6), 441 (4.3), 442 (6.7), 449 (1.9).  *See* ECF No. 174 at 4; *see also* ECF No. 171-3 at 2.  The Court notes that Mr. Miller's time entries indicate that he actually spent 3.6 hours for entry number 436, but agreed to reduce his hours to 1.8 during the Local Rule 54.2 meet-and-confer process.  *See* ECF No. 174 at 4.  BYD's suggested reduced hours for each respective entry are listed in the "BYD Hours" column.  *See* ECF No. 171-3 at 2.  According to Exhibit B to the Opposition, BYD does not dispute the hours requested in entries 436 and 449.  *See* ECF No. 171-3.

Second, BYD asserts that the Court should reduce 20.16 hours related to

Mr. Miller's work on motions in limine and Soderholm's Fourth Request for

Production of Documents.[4]  BYD asserts that Soderholm is not entitled to recover the

associated fees because such tasks were related to Counterclaim Count II, and

Soderholm is only entitled to fees related to Counterclaim Count I.  As set forth

above, however, the Court recommends that the district court decline to apportion

fees between Counterclaim Counts I and II.

In addition, BYD fails to persuade the Court that Soderholm is not entitled to

fees incurred for work expended on motions related to compensable claims, even

though the district court ultimately denied the motions.  The Court finds that

Soderholm satisfies its burden to show that time spent on the motions in limine were

reasonable and necessary.  The Court thus recommends that the district court decline

to reduce Soderholm's request as to these entries.

Third, BYD asserts that the Court should reduce Soderholm's request for time

Mr. Miller spent drafting the opposition to BYD's post-trial motion, in which BYD

asked the district court to strike portions of Soderholm's Rebuttal Brief regarding

testimony from Soderholm's expert on damages, Thomas Ueno, CPA. ("Motion to

---

[4]  The 20.16 disputed hours are based on the hours listed in the "Pltf's Reply Hours"
column for the following entry numbers (and hours):  333 (0.5), 334 (0.2), 392 (1.7),
397 (2.7), 409 (2.2), 422 (4.3), 423 (1.1), 424 (0.8), 427 (0.5), 428 (1.8), 431 (2.18),
434 (1.58), 454 (0.2), 455 (0.4).  *See* ECF No. 171-3 at 1.

Strike"), ECF No. 149. Soderholm requests 9.1 hours for this task. BYD does not

dispute that the Motion to Strike related to Count II. BYD asserts this amount should

be reduced to 0.28 hours because "much of the hours spent on the [Motion to Strike] .

. . was [sic] only marginally necessary to [Soderholm's] success on Count II and the

calculation of its damages."[5] ECF No. 171 at 17.

The Court notes that the FOFCOL and Order relied, in part, on Mr. Ueno's

opinion to calculate Soderholm's damages as to Count II. *See* ECF No. 157 at 51. In

addition, even if Mr. Miller's time spent was "only marginally necessary" to its

success on Count II, it was BYD that filed the Motion to Strike, and the district court

ordered Soderholm to file an opposition thereto. ECF No. 150. BYD's assertion that

Soderholm is entitled to only 3% of its requested hours for an opposition to a motion

that BYD filed is not well-taken, especially considering that the district court denied

the Motion to Strike without addressing the substance of BYD's arguments:

> To the extent that any of the parties' briefs contain a reference to,
> or argument about, evidence that was not properly presented during the
> trial, this Court will not consider it in ruling on the claims in this case. It
> is not necessary to strike any portion of Soderholm's rebuttal brief. The
> Motion to Strike is therefore DENIED.

---

[5] The 9.1 requested hours are based on the hours listed in the "Pltf's Reply Hours"
column for the following entry numbers (and hours): 525 (2.4), 526 (1.9), 527 (0.3),
528 (1.9), 529 (0.4), 530 (1.7), 531 (0.3), 533 (0.2). *See* ECF No. 171-3 at 2. BYD's
suggested reduced hours for each respective entry are listed in the "BYD Hours"
column. *See* ECF No. 171-3 at 2.

ECF No. 153.  Based on the foregoing, the Court finds that the 9.1 hours expended by Mr. Miller to oppose the Motion to Strike were necessary and reasonable to Soderholm's furtherance of Count II.  The Court thus recommends that the district court decline to reduce Soderholm's request as to these entries.

The Court has carefully reviewed the remaining entries in Exhibit B to the Opposition, including BYD's objections thereto.  The Court finds that the hours claimed in the remaining entries are reasonable and compensable.  Based on the foregoing, the Court recommends that the district court reduce Soderholm's request by 2.07 hours.

## 2.    Unnecessary Hours Expended on Damages Issue

Soderholm requests 47.7 hours that Mr. Miller expended to establish Soderholm's damages.[6]  BYD contends that this amount is excessive and "without regard to the level of success this effort achieved."  ECF No. 171 at 17–18.  BYD thus contends that the Court should reduce Soderholm's request to 3.02 hours.  *Id.* at 18.  The Court disagrees with BYD's contentions.

---

[6]  The 47.7 requested hours are based on the hours listed in the "Pltf's Reply Hours" column for the following entry numbers (and hours):  108 (0.3), 109 (1.9), 111 (0.3), 116(0.4), 121 (0.3), 123 (0.2), 127 (0.5), 134 (0.1), 135 (1.8), 154 (0.8), 176 (0.2), 182 (0.4), 184 (0.5), 246 (0.3), 327 (0.1), 343 (0.2), 344 (0.3), 345 (3.1), 350 (0.2), 351 (0.2), 352 (5.3), 354 (0.4), 356 (0.1), 357 (2.7), 358 (1.9), 359 (1.6), 360 (2.5), 365 (1.6), 371 (0.4), 421 (2.7), 443 (0.8), 471 (2.7), 540 (1.9), 541 (2.2), 542 (0.7), 543 (0.5), 544 (0.5), 545 (0.4), 546 (2.2), 547 (1.4), 548 (0.7), 549 (0.6), 550 (0.4), 551 (0.9), 552 (0.5).  *See* ECF No. 171-4.

Based on Mr. Miller's time entries and Soderholm's arguments in the Motion and the Reply, the Court is satisfied that the subject hours are attributable to Count II. *See* ECF No. 169 at 12–13; ECF No. 172 at 7–8.  The Court has carefully reviewed the disputed time entries set forth in Exhibit C to the Opposition and finds that the 47.7 hours were necessarily and reasonably expended.  ECF No. 171-4.  This includes the 12.9 hours that Mr. Miller spent on the supplemental brief regarding Soderholm's damages as to Count II, at the direction of the district court.  *See* ECF No. 154 at 50 (ordering Soderholm to file a supplemental brief addressing the amount of damages to be awarded pursuant to the district court's conclusion that Soderholm is entitled to damages as to Count II).  The Court thus recommends that the district court award Soderholm 47.7 hours for time Mr. Miller spent on the damages issue.

### 3.      Deposition of Ms. Kuroda

BYD asserts that Soderholm is not entitled to 7.2 hours that Mr. Miller expended on Ms. Kuroda's deposition.  ECF No. 171 at 18.  BYD argues that Soderholm is not entitled to fees related to Ms. Kuroda's deposition because her testimony related to Count III and Counterclaim Count II, on which Soderholm did not prevail.  *Id.* at 18–19.  As set forth above, the Court finds and recommends that the district court award Soderholm its reasonable attorneys' fees as to the Counterclaim, without apportionment between Counterclaim Counts I and II.

23

The Court finds that 7.2 hours is a reasonable amount of time for Mr. Miller to have expended on Ms. Kuroda's deposition. The Court thus recommends that the district court decline to reduce Mr. Miller's hours and award 7.2 hours for Ms. Kuroda's deposition.

4.    Clerical Tasks

BYD asserts that 24 of Mr. Miller's time entries, which reflect 32.9 hours expended, are for non-compensable clerical tasks.[7] ECF No. 171 at 19. BYD asserts that the Court should reduce this request to 6.18 hours. *Id.*

"[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." *Jeremiah B. v. Dep't of Educ.*, Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing *Sheffer v. Experian Info. Sols., Inc.*, 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)). The following is a list of clerical and ministerial tasks deemed non-compensable in this district:

> reviewing Court-generated notices; scheduling dates and deadlines; calendaring dates and deadlines; notifying a client of dates and deadlines; preparing documents for filing with the Court; filing documents with the Court; informing a client that a document has been filed . . . .

*Crawford v. Japan Airlines*, Civil No. 03-00451 LEK-KSC, 2014 WL 1326576, at *4 (D. Haw. Jan. 22, 2014), *adopted in* 2014 WL 1326580 (D. Haw. Mar. 28, 2014)

---

[7] The Court notes that BYD's Opposition states that this objection relates to 25 entries. BYD's list of the disputed entry numbers and Exhibit E to the Opposition, however, list only 24 entries. *See* ECF No. 171 at 19 n.6; ECF No. 171-6.

(citations omitted).  This list is not exhaustive, and this district court has deemed

other tasks as non-compensable, clerical tasks, such as the identification and

organization of exhibits.  *See Haw. Motorsports Inv., Inc. v. Clayton Grp. Servs., Inc.*,

Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010),

*adopted in* 2010 WL 5395669 (D. Haw. Dec. 22, 2010).

The Court has reviewed the disputed time entries, which are set forth in Exhibit

E to the Opposition, and agrees that three entries (1.2 hours) are clearly clerical in

nature.[8]  There are also fifteen entries (25.5 hours) regarding the identification and

preparation of exhibits from which, due to vagueness of the task descriptions, the

Court is unable to determine whether Mr. Miller's work was clerical or legal.[9]  *See,*

*e.g.*, ECF No. 171-6 (entry 292—"Begin preparation of exhibits for Scalzi

deposition.").  The Court finds that Soderholm fails to establish that the 25.5 hours

expended on identification and preparation were reasonable and necessary.

In addition, entry 323 (1.8 hours) contains clerical tasks that were block-billed

with a task related to exhibit preparation.  ECF No. 174 at 3.  "Block billing refers to

the practice of recording various tasks performed on a case, but entering only a total

time spent collectively on those tasks, rather than entering the time spent on each

---

[8] Entry numbers 185, 198, and 349.

[9] Entry numbers 292, 297, 299, 312, 313, 315, 317, 319, 376, 377, 410, 418, 419, 449, and 559.

discrete task." *Painsolvers, Inc. v. Statefarm Mut. Auto. Ins. Co.*, CIV. No. 09-00429
ACK-KSC, 2012 WL 25292998, at *13 (D. Haw. June 28, 2012) (citation and
internal quotation marks omitted). For the same reasons set forth above, and pursuant
to Local Rule 54.2, the Court recommends that the district court deny Soderholm's
request for fees as to this entry and accordingly reduce its award by 1.8 hours. *See*
LR54.2(f)(3) ("Block billing is not permitted, and block billed entries may be
partially or completely excluded by the court.").

The Court finds that the remaining disputed entries set forth in Exhibit E to the
Opposition were for fees necessarily and reasonably incurred. In sum, the Court
recommends that the district court reduce Soderholm's request by 28.5 hours for non-
compensable clerical tasks.[10]

5.    Filings and Discovery

Soderholm requests 20 hours for time Mr. Miller expended on specific filings
and discovery.[11] BYD asserts the Court should reduce the amount to 2.06 hours to

---

[10]  The 28.5 hours are based on the hours listed in the "Pltf's Reply Hours" column
for the following entry numbers (and hours):  185 (0.1), 198 (0.9), 292 (1.8), 297
(2.7), 299 (1.4), 312 (2.4), 313 (1.6), 315 (1.1), 317 (1.8), 319 (2.9), 323 (1.8) 349
(0.2), 376 (2.7), 377 (1.2), 410 (0.7), 418 (1.9), 419 (0.9), 449 (1.9), and 559 (0.5).
*See* ECF No. 171-6.

[11]  The 20 requested hours are based on the following entry numbers:  139, 140, 155,
159, 165, 283, 336, 361, 511, 512, 513, 514, 515, 516, 518, 519, and 520. *See* ECF
No. 171-7.

account for time that Mr. Miller spent on claims on which Soderholm did not prevail. ECF No. 171 at 21.  BYD does not explain how it calculated its proposed 2.06 hours.

The Court has reviewed the disputed entries.  For the same reasons set forth above, the Court recommends that the district court decline to reduce Soderholm's request as to hours Mr. Miller expended on filings and discovery related to the Counterclaim.

Regarding time expended on Soderholm's Rebuttal Brief, ECF No. 147, the Court acknowledges Soderholm's contention that the majority of the Rebuttal Brief concerns issues related to Count II and the Counterclaim.  *See* ECF No. 169 at 20–21. Soderholm also contends that "[n]o deduction should be made because all of the facts are intertwined with all of the legal theories."  *Id.* at 21.  Notwithstanding Soderholm's contention, however, the Court finds that a 10% reduction is appropriate to account for time expended on claims on which Soderholm did not prevail.  Based on the foregoing, the Court recommends that the district court apply a 10% reduction to the 13.9 hours that Mr. Miller expended on the Rebuttal Brief, *i.e.*, 1.39 hours.[12]

In sum, the Court recommends that the district court reduce Soderholm's request by 31.96 hours as follows:  (1) 2.07 hours from time expended on the Trial Brief to account for claims on which Soderholm did not prevail; (2) 28.5 hours for

---

[12]  The 13.9 hours subject to reduction are based on the following entry numbers (and hours):  511 (2.7), 512 (1.2), 513 (1.0), 514 (1.9), 515 (1.4), 516 (2.4), 518 (1.3), 519 (0.8), and 520 (1.2).  *See* ECF No. 171-7 at 1–2.

non-compensable clerical tasks; and (3) 1.39 hours from time expended on the Rebuttal Brief to account for claims on which Soderholm did not prevail. The Court recommends that the district court award a total of 381.77 hours.

III.    Total Lodestar Calculation

The following is a breakdown of this Court's findings as to attorneys' fees:

| Timekeeper | Rate | Hours | Total Award |
|---|---|---|---|
| Jeffrey P. Miller, Esq. | $275 | 66.39 | $18,257.25 |
| Jeffrey P. Miller, Esq. | $300 | 310.34 | $93,102.00 |
| Patrick K. Shea, Esq. | $300 | 5.04 | $1,512.00 |
| | **TOTAL** | **381.77** | **$112,871.25** |

The Court finds the above amounts reasonable and declines to adjust this lodestar amount. Accordingly, the Court recommends that the district court award Soderholm $112,871.25 in reasonable attorneys' fees.

CONCLUSION

Based on the foregoing the Court FINDS and RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Plaintiff Soderholm Sales and Leasing, Inc.'s ("Soderholm") Motion for an Award of Attorneys' Fees ("Motion") (ECF No. 169). The Court RECOMMENDS that the district court GRANT the Motion as to Soderholm's request for attorneys' fees and award Soderholm $112,871.25 in attorneys' fees. The Court RECOMMENDS that the district court DENY Soderholm's Motion in all other respects.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, January 31, 2022.



Kenneth J. Mansfield
Unites States Magistrate Judge

*Soderholm Sales & Leasing, Inc. v. BYD Motors Inc.*, Civil No. 19-00160 LEK-KJM; Findings and Recommendation to Grant in Part and Deny in Part Plaintiff Soderholm Sales and Leasing, Inc.'s Motion for Award of Attorneys' Fees