IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SODERHOLM SALES AND LEASING, INC., | Civil No. 19-00160 LEK-KJM |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF SODERHOLM SALES AND LEASING, INC.'S MOTION FOR AN AWARD OF ATTORNEYS' FEES ON APPEAL |
| vs. | |
| BYD MOTORS INC.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; and DOE ENTITIES 1-10, | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF SODERHOLM SALES AND LEASING,
INC.'S MOTION FOR AN AWARD OF ATTORNEYS' FEES ON APPEAL

The Court and the parties are familiar with the facts and legal issues in this case. On September 22, 2021, after conducting a bench trial, the district court issued its Findings of Fact and Conclusions of Law and Order ("FOFCOL and Order"). ECF No. 157. Defendant BYD Motors, Inc. ("BYD") filed an appeal, and Plaintiff Soderholm Sales and Leasing, Inc. ("Plaintiff") filed a cross-appeal, of the FOFCOL and Order to the Ninth Circuit. ECF Nos. 159–60.

On November 10, 2022, the Ninth Circuit issued a Memorandum affirming the FOFCOL and Order. ECF No. 184. On December 30, 2022, the Ninth Circuit issued its Mandate as to the parties' appeals. ECF No. 186.

On January 19, 2023, the Ninth Circuit issued an order granting Soderholm's Motion to Transfer Consideration of Attorneys' Fees on Appeal to the District Court. ECF No. 187. On January 20, 2023, the district court issued an entering order referring the issue of an award of attorneys' fees on appeal to the undersigned. ECF No. 188.

On March 7, 2023, Soderholm filed its Motion for Award of Attorneys' Fees on Appeal ("Motion"). ECF No. 189. On March 14, 2023, BYD filed a Memorandum in Opposition to the Motion ("Opposition"). ECF No. 190. On March 17, 2023, Soderholm filed its Reply. ECF No. 191. On April 21, 2023, the Court issued an entering order requiring Soderholm to file revised versions of the exhibits to the Motion ("04/21/2023 EO"). ECF No. 196. On April 26, 2023, Soderholm timely filed the revised exhibits ("Supplement"). ECF No. 197.

The Court elects to decide this matter without a hearing pursuant to Local Rule 54.2(g). After carefully considering the Motion, supporting memorandum, applicable law, and the record in this case, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART the Motion for the reasons set forth below.

## BACKGROUND

This action concerns the parties' dispute regarding their prior motor vehicle licensing and distributorship agreement. ECF No. 157 at 3. The Court takes the following pertinent facts from its January 31, 2022 Findings and Recommendation to

Grant in Part and Deny in Part Plaintiff Soderholm Sales and Leasing, Inc.'s Motion for an Award of Attorneys' Fees ("01/31/2022 F&R"), which the district court adopted on February 15, 2022. ECF No. 176. The Court supplements with additional facts as necessary to decide the Motion.

The parties entered into a Sales and Service Agreement ("Agreement"), effective December 1, 2016, which provided that Soderholm would, among other things, serve as a licensed dealer for BYD's vehicles in Hawaii and the Pacific Islands. *See* ECF No. 157 at 5; ECF No. 169 at 6. The Agreement also granted Soderholm the right to sell BYD's vehicles. *See* ECF No. 169 at 6. Both parties' claims in this case were based on the other parties' alleged misconduct in relation to performance—or lack thereof—under the Agreement.

Soderholm asserted various claims against BYD, including one that alleged that BYD's conduct related to its attempt to terminate the Agreement constituted bad faith, in violation of Hawaii Revised Statutes ("HRS") § 437-28(a)(21)(C) and § 437-58(g) ("Count II"). The district court conducted a bench trial on January 19, 2021 and issued the FOFCOL and Order on September 22, 2021. Pursuant to the FOFCOL and Order, the district court concluded that Soderholm prevailed on Count II and entered judgment in Soderholm's favor as to this claim. ECF No. 157 at 57. The district court also concluded that Soderholm is the prevailing party and is entitled to an award of reasonable attorneys' fees and costs pursuant to HRS § 437-28.5(c). *Id.*

3

at 56.  The parties subsequently filed their appeal and cross-appeal to the Ninth Circuit.

## DISCUSSION

I.    Whether Soderholm is Entitled to Attorneys' Fees on Appeal Under HRS § 437-28.5(c)

Soderholm requests an award of $39,740.00 in attorneys' fees on appeal, plus Hawaii general excise tax ("GET") (4.0712%), pursuant to HRS § 437-28.5(c).  ECF No. 189 at 8, 20.  BYD argues that Soderholm is not entitled an award of attorneys' fees on appeal because HRS § 437-28.5(c) does not authorize such an award.  ECF No. 190 at 5–7.

HRS § 437-28.5(c) provides:  "Any person that brings or defends against a civil action under subsection (b) may be entitled to recover reasonable attorneys' fees *as part of any damages* or injunction; provided that the person substantially prevails in establishing or defending against a violation of section 437-28(a)(21) or part II."  (Emphasis added.)  BYD emphasizes that the district court did not include a prospective award of attorneys' fees on appeal "as part of any damages" awarded to Soderholm in its FOFCOL and Order.  BYD thus argues that Soderholm is not entitled to an award of attorneys' fees on appeal under HRS § 437-28.5(c).  The Court disagrees.

As an initial matter, the Court addresses Soderholm's argument that BYD waived this argument for failure to raise it during the Local Rule 54.2 meet-and-

4

confer process. Pursuant to the district court's January 20, 2023 entering order, Soderholm's request for an award of attorneys' fees on appeal is governed by Local Rule 54.2. *See* ECF No. 188.

Local Rule 54.2 requires, among other things, that the parties "meet and confer in a good faith attempt to agree on the amount of fees . . . ." LR54.2(d). As part of this meet-and-confer process, the movant is required to provide the respondent with the information on which the movant will rely in support of the fee request. LR54.2(d)(1)–(2). If the parties do not reach an agreement after the movant provides the required information, the respondent "shall . . . disclose any evidence the respondent will use to oppose the requested hours, rates, or related nontaxable expenses." LR54.2(d)(4). In addition, Local Rule 54.2(e) requires the parties to prepare and file a joint statement that includes, among other things, a "brief description of each specific dispute remaining between the parties as to the fees[.]"

Soderholm attaches to the Motion the parties' Joint Statement Regarding Attorneys' Fees Award ("Joint Statement"). ECF NO. 189-4. The Joint Statement states the following as to the parties' remaining disputes:

> After these meet and confer efforts, [Soderholm] claims it is entitled to an award of attorneys' fees in the amount of $39,740.00[sic] plus GET, while [BYD] claims [Soderholm] is entitled to an award of attorneys' fees in the amount of $15,382.50.
>
> The primary subjects of the dispute involve [Soderholm's] entitlement to attorneys' fees incurred as part of [Soderholm's] cross-appeal, fees which [BYD] considers not directly related to Plaintiff's

appeal, and time entries which include time related to both the appeal and the cross-appeal.

ECF No. 189-4 at 2–3.

The Joint Statement does not indicate that BYD disputes Soderholm's entitlement to *any* award of attorneys' fees. As drafted, the Joint Statement indicates that BYD only disputes the amount of fees to which Soderholm is entitled. The Joint Statement contains BYD's counsel's electronic signature, and BYD's counsel does not take issue with the assertions in the Joint Statement in the Opposition. Based on the foregoing, the Court finds that BYD waived any argument that Soderholm is not entitled to an award of attorneys' fees under HRS § 437-28.5(c).

In any case, the Court finds that Soderholm can recover attorneys' fees on appeal under HRS § 437-28.5. The Ninth Circuit has previously recognized that, generally, "a party that is entitled to an award of attorneys' fees in the district court is also entitled to an award of attorneys' fees on appeal." *Voice v. Stormans Inc.*, 757 F.3d 1015, 1016 (9th Cir. 2014) (citations omitted); *In re Schwartz-Tallard*, 803 F.3d 1095, 1101 (9th Cir. 2015) (citing *Voice*) ("When a party is entitled to an award of attorney's fees in the court of first instance, . . . she is ordinarily entitled to recover fees incurred in successfully defending the judgment on appeal.").

In *In re Walsh*, the bankruptcy court determined that a debtor was entitled to fees on appeal under a previous version of section 362(h) of the Bankruptcy Code, which specifically identified attorneys' fees "as part of the damages to which the

6

debtor is entitled to make him or her whole." 208 B.R. 949, 950 (Bankr. N.D. Cal. 1997). The bankruptcy court reasoned: "Fees incurred on appeal are no less damages than those incurred at trial, and the debtor will not be made whole unless he or she recovers all fees."

Although the bankruptcy court in *In re Walsh* was interpreting a different statute, the Court finds persuasive its reasoning to award fees on appeal. Soderholm prevailed at trial, and BYD chose to appeal. This required Soderholm to incur additional fees. Soderholm was successful in defending against BYD's appeal and will not be made whole unless it recovers all fees. The Court thus finds that Soderholm is entitled to an award of reasonable attorneys' fees on appeal under HRS § 437-28.5(c).

II.   Reasonable Hourly Rate

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Under the lodestar method, the district court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations and internal quotation marks omitted).

When determining a reasonable hourly rate, the Court considers the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. *Roberts v. City of Honolulu*, 938 F.3d

7

1020, 1023 (9th Cir. 2019) (citing *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016)); *Webb v. Ada County*, 285 F.3d 829, 840 (9th Cir. 2002) (citing *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210–11 (9th Cir. 1986)).  The relevant community is the forum in which the district court sits.  *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

"It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." *Roberts*, 938 F.3d at 1024 (citing *Hensley*, 461 U.S. at 433) (citation omitted).  "The burden is on the fee applicant 'to produce satisfactory evidence' of the prevailing market rates." *Sam K. ex rel. Diane C. v. Haw. Dep't of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (citation omitted).  In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987); *see also Camacho*, 523 F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation").

"However, declarations filed by the fee applicant do not conclusively establish the prevailing market rate." *Camacho*, 523 F.3d at 980.  "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy of the submitted affidavits." *Roberts*, 938 F.3d

8

at 1023 (internal quotations omitted) (citing *Camacho*, 523 F.3d at 980).  In addition, when determining the reasonable hourly rate, "[d]istrict courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'"  *Sam K. ex rel. Diane C.*, 788 F.3d at 1041 (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

Jeffrey P. Miller, Esq., is Soderholm's only counsel of record for this case.  Soderholm requests an hourly rate of (1) $300.00 for work Mr. Miller performed in 2021, and (2) $325.00 for work Mr. Miller performed in 2022 and 2023.  ECF No. 189-1 at 6 ¶ 15.  Mr. Miller's declaration in support of the Motion indicates that he has been practicing law since 1988.  *Id.* at 2–3 ¶¶ 3–4.  Mr. Miller's current practice focuses on commercial litigation, among other things.  *Id.* at 4 ¶ 9.  Other than Mr. Miller's declaration, Soderholm did not submit evidence establishing the reasonableness of the requested hourly rate.  BYD does not oppose the requested hourly rate.

Notwithstanding that Soderholm only submitted statements from Mr. Miller, based on Mr. Miller's experience, BYD's lack of objection, and the Court's knowledge of prevailing rates in the community, the Court finds that the requested hourly rates for Mr. Miller are reasonable.  *See, e.g.*, *Ko Olina Intangibles, LLC v. Nimiety Grp. LLC*, CIV. NO. 19-00441 JMS-RT, 2021 WL 3074200, at *5 (D. Haw. June 30, 2021), *adopted in* 2021 WL 3074167 (D. Haw. July 20, 2021) (awarding an attorney with 14 years' experience hourly rates of $270.00, $280.00, and $290.00 for

work performed in 2019, 2020, and 2021, respectively); *U.S. v. Haw. Student Suites, Inc.*, CIV. NO. 19-00528 JMS-RT, 2021 WL 3134925 (D. Haw. May 28, 2021), *adopted in* 2021 WL 3131672 (D. Haw. July 23, 2021) (awarding an attorney with 27 years of experience an hourly rate of $360.00). The Court thus recommends that the district court award hourly rates of (1) $300.00 for work performed in 2021, and (2) $325.00 for work performed in 2022 and 2023.

III.    Number of Hours Reasonably Expended

The fee applicant bears the burden of documenting the hours expended and must submit evidence in support of the hours worked. *Hensley*, 461 U.S. at 437; *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). The prevailing party bears the burden of proving that the fees requested are associated with the relief requested and are reasonably necessary to achieve the results obtained. *See Tirona v. State Farm. Mut. Auto. Ins. Co.*, 821 F. Supp. 693, 636 (D. Haw. 1993) (citations omitted). The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Gates*, 987 F.2d at 1397–98.

The Court, however, has its own "independent duty to review the submitted itemized log of hours to determine the reasonableness of the hours requested in each case." *Irwin v. Astrue*, No. 3:10-CV-545-HZ, 2012 WL 707090, at *1 (D. Or. Mar. 5, 2012) (citing *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001)). The court

must guard against awarding fees and costs which are excessive and must determine

which fees were self-imposed and avoidable. *See Tirona*, 821 F. Supp. at 637

(citation omitted). To this end, courts are empowered to use their discretion to "'trim

fat' from, or otherwise reduce, the number of hours claimed to have been spent on the

case." *Soler v. G & U, Inc.*, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation

omitted). Accordingly, courts must deny compensation for time expended on work

deemed excessive, redundant, or otherwise unnecessary. *See Gates*, 987 F.2d at 1933

(citing *Hensley*, 461 U.S. at 433–34).

As an initial matter, the Court notes that Soderholm's Motion does not comply

with Local Rule 54.2(f)(1). More specifically, the Motion fails to indicate the total

number of requested hours for Mr. Miller's work. The Court thus issued the

04/21/2023 EO, ordering Soderholm to file revised spreadsheets that set forth specific

information:

> The spreadsheet must clearly indicate: (1) the full title of each column;
> (2) the total hours requested as to each time entry for purposes of the
> Motion; (3) the total hours requested at the hourly rate of $300; (4) the
> total hours requested at the hourly rate of $325; and (5) the total hours
> requested overall."

ECF No. 196. Soderholm failed to fully comply with the 04/21/2023 EO.

Soderholm's Supplement complies with item (1) and contains the full title of

each column. The Supplement fails, however, to indicate items (2), (3), (4), and (5)

ordered in the 04/21/2023 EO, thus forcing the Court to make certain assumptions as

to Mr. Miller's calculation method and then manually calculate the total hours

requested.  The Court admonishes Mr. Miller that he must comply with all requirements of Local Rule 54.2.

Mr. Miller claims he expended 123.8 hours in connection with BYD's appeal, Soderholm's cross-appeal, and the instant Motion.  *See* ECF Nos. 189-2, 189-3.  The Court finds that Mr. Miller's claimed hours include time spent on post-trial matters not related to the appeal or cross-appeal.  For example, Mr. Miller's time entries include his work on Soderholm's request for attorneys' fees incurred at the trial level pursuant to the FOFCOL and Order.  *See, e.g.*, ECF No. 189-2 at 2 (time entry nos. 1–3).  According to the Motion, Soderholm's request for fees is limited to those it incurred on appeal.  ECF No. 189 at 1.  The Court thus finds that Soderholm is not entitled to fees unrelated to the parties' appeals and accordingly reduces Soderholm's request by 3.5 hours.[1]

The Court has carefully reviewed Mr. Miller's time entries, the Ninth Circuit's docket, and the parties' appellate filings and finds Mr. Miller's remaining requested hours to be reasonable.  The Court has also considered BYD's arguments in the Opposition and finds them unpersuasive.  Although Soderholm did not prevail on its cross-appeal, the Court finds that the issues Soderholm raised therein were substantially related to and intertwined with the issues BYD raised in its appeal.  The

---

[1] This amount is based on the hours indicated in following time entry numbers starting on page 2 of ECF No. 189-2:  1–3, 5–6, 16–17, and 31.

Court thus declines to apportion fees between BYD's appeal and Soderholm's cross-appeal.

Based on the foregoing, the Court recommends that the district court reduce Soderholm's request by 3.5 hours. The Court recommends that the district court award a total of 120.3 hours.

IV. Total Lodestar Calculation

The following is a breakdown of this Court's findings as to attorneys' fees:

| Timekeeper | Rate | Hours | Total Award |
|---|---|---|---|
| Jeffrey P. Miller, Esq. | $300 | 16.3 | $4,890.00 |
| Jeffrey P. Miller, Esq. | $325 | 104 | $33,800.00 |
| | | Subtotal | $38,690.00 |
| | | GET 4.712% | $1,823.07 |
| | | **TOTAL** | **$40,513.07** |

The Court finds the above amounts reasonable and declines to adjust this lodestar amount. Accordingly, the Court recommends that the district court award Soderholm $40,513.07 in reasonable attorneys' fees on appeal.

CONCLUSION

Based on the foregoing the Court FINDS and RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Plaintiff Soderholm Sales and Leasing, Inc.'s Motion for an Award of Attorneys' Fees (ECF No. 189). The Court RECOMMENDS that the district court GRANT the Motion as to Soderholm's request for attorneys' fees on appeal and award Soderholm $40,513.07 in attorneys'

fees. The Court RECOMMENDS that the district court DENY Soderholm's Motion in all other respects.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 28, 2023.

Kenneth J. Mansfield
United States Magistrate Judge

*Soderholm Sales & Leasing, Inc. v. BYD Motors Inc.*, Civil No. 19-00160 LEK-KJM; Findings and Recommendation to Grant in Part and Deny in Part Plaintiff Soderholm Sales and Leasing, Inc.'s Motion for Award of Attorneys' Fees on Appeal